IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

GLORIA THOMPSON                                                                                    PLAINTIFF

v.                              CASE NO.: 3:10CV00127 BSM

BUTTERBALL LLC                                                                                  DEFENDANT

## ORDER

Plaintiff Gloria Thompson moves to stay execution of an order [Doc. No. 72], to withdraw that motion [Doc. No. 76], and to compel discovery and for sanctions [Doc. Nos. 63, 73]. Though Thompson has filed what has been docketed as a motion for leave to file a reply, that document is substantively a reply and, accordingly, that motion [Doc. No. 71] is denied as moot.

### I.  MOTION TO STAY EXECUTION OF ORDER

Thompson moves [Doc. No. 72] to stay execution of an order [Doc. No. 59] granting Butterball's petition for attorneys' fees in the amount of $3,500. Thompson later moved [Doc. No. 76] to withdraw the original motion as she has paid those fees. The motion to withdraw is granted and the motion to stay execution of the order is withdrawn and denied as moot.

### II.  MOTION TO COMPEL AND FOR SANCTIONS

Thompson moves [Doc. No. 63] to compel discovery responses and for sanctions, which include granting partial summary judgment. Thompson argues that counsel for Butterball engaged in "strategic interference" with her discovery requests, specifically objecting excessively during Thompson's depositions of Butterball's employees and not

providing a Rule 30(b)(6) witness as noticed.

Sanctions are inappropriate at this time. Before sanctions can be imposed under Rule 37, "there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019 (8th Cir. 1999). There has been no order compelling Butterball to produce discovery and, as such, sanctions would be improper.

As a preliminary matter, Thompson's motion to compel discovery is defective under both the Federal Rules of Civil Procedure and the local rules. Any motion to compel "must include a certification that the movant has conferred or attempted to confer with" the other party in an attempt to complete discovery without court action. FED. R. CIV. P. 37(a)(1). Additionally, Local Rule 7.2(g) provides that all motions to compel "contain a statement ... that the parties have conferred in good faith." Thompson's motion contains no such statement but states that "it is obvious the parties have exhausted any solution to the problems and further by conference would be futile." The record suggests that Thompson never attempted to work out these disputes with Butterball. Moreover, although a showing of futility may persuade a court to overlook the procedural defect in Thompson's motion, the record is unclear that such an attempt would have been futile.

Moving on to the substance of the motion, Thompson asserts that Butterball's lawyer strategically interfered with depositions and that Butterball failed to provide 30(b)(6) witnesses. As to Thompson's allegation that Butterball strategically interfered with

depositions, she points out that Butterball's counsel objected to the form of the question 215 times during five depositions: 101 times during the deposition of Walter Davis; 25 times during the deposition of Michael Bliss; 53 times during the deposition of Gary Lenaghan; 29 times during the deposition of Deborah Lisella; and seven times during the deposition of Ruby Stone. Thompson argues that the objections to form served as verbal cues to the deponents to avoid answering the question.

The difficulty with Thompson's argument is that the person charged with determining whether the objections were verbal cues was not in the room during the depositions. Therefore, whether Butterball's counsel was attempting to guide the witnesses' testimony has to be determined by reading the deposition transcripts. In reviewing those transcripts, it is clear that counsel for Butterball objects to some questions that are as clear as day. The transcripts also show, however, that most of the objections were clearly legitimate if done for the purpose of preserving the record. *See* FED. R. CIV. P. 32(d)(3)(B). Further, while many of the objections were tedious, nothing in the transcripts indicates that the objections cued improper responses from the deponents. Indeed, on a number of occasions, the objections occurred after the spontaneous responses of the witnesses had already been given.

As to the alleged failure to comply with Rule 30(b)(6), Thompson provides a number of ambiguous arguments but it seems clear that all of the 30(b)(6) deponents noticed by Thompson appeared and gave depositions. Therefore, Thompson's argument that Butterball untimely objected to the deposition notices is moot. Thompson also asserts that Butterball's employees testified evasively or "disclaimed knowledge of facts that are clearly known to

persons in the organization." Whether the witnesses provided credible testimony is for the jury to decide and is not a proper matter to be taken up in a motion to compel unless the party taking the deposition has hard evidence that the witnesses committing perjury. Nothing has been presented proving that the witnesses deposed by Thompson have committed perjury.

For the reasons discussed above, Thompson's motion to compel discovery and for sanctions [Doc. No. 63] is denied and the document purporting to be a motion for leave to file a reply to Butterball's response [Doc. No. 71] is denied as moot.

### III.  MOTION TO COMPEL RESPONSE TO REQUEST FOR PRODUCTION

Thompson also moves to compel the production of a copy of Butterball's management handbook [Doc. No. 73]. Thompson argues that this handbook was referred to during the deposition of Walter Davis, Butterball's director of human resources. Butterball responds that no such handbook exists but that only a hourly employee handbook, as suggested by Davis, exists. The record is clear that Butterball has consistently taken this position.

Butterball can only be required to produce what it actually has and, as of the date of this order, there is no proof that Butterball has a management handbook. Therefore, the motion to compel production of Butterball's management handbook is denied.

### IV.  CONCLUSION

For the reasons stated above, Thompson's motion to withdraw [Doc. No. 76] is granted and the motion to stay execution [Doc. No. 72] is withdrawn and denied as moot. Thompson's motions to compel and for sanctions [Doc. No. 63] and motion to compel [Doc. No. 73] are denied. Her motion for leave to file reply [Doc. No. 71] is denied as moot.

IT IS SO ORDERED THIS 18th day of January 2012.

_____
UNITED STATES DISTRICT JUDGE